IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

DONALD M. RICHARDS, JR.,          )
                                  )
    Plaintiff,                    )
                                  )
v.                                )    CV 318-067
                                  )
SGT. WILL PURVIS; CPL. TIMOTHY    )
SHEPHERD; OFC. CHASE SNELLGROVE;  )
and OFC. CHRISTOPHER MADISON,     )
                                  )
    Defendants.                   )

# ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. (Doc. no. 12.) The Magistrate Judge recommended dismissing the case without prejudice as a sanction for Plaintiff providing dishonest information about his filing history. (See doc. no. 8.) Plaintiff concedes he did not provide accurate responses to the questions on the complaint form but asks the Court to excuse his limited knowledge of the law because he believed the undisclosed case was never filed based on the prior Court's ruling. (Doc. no. 12, p. 1.) The Court declines to do so.

Plaintiff does not deny he filed the undisclosed cases identified by the Magistrate Judge. Nor does he deny knowledge of the case. The plain language of the complaint form explains a prisoner must disclose his prior filing history. (Doc. no. 1, pp. 1-3.) The ruling in

the undisclosed case never stated the case was not filed, but instead specifically stated the District Court "DISMISSES Plaintiff's complaint for failure to state a claim." Richards v. State of Georgia, CV 316-064, doc. no. 15 (S.D. Ga. Jan. 4, 2017). Moreover, Plaintiff's lack of legal knowledge is no excuse as this is at least the third case Plaintiff has filed in the Southern District of Georgia using the standard complaint form, and he litigated the second case to the summary judgment stage. See Richards v. Sheffield, CV 317-023 (S.D. Ga. May 1, 2017).

As the case law cited in the Report and Recommendation makes clear, failing to disclose prior filing history will not be tolerated, and the Eleventh Circuit has repeatedly approved of dismissing a case without prejudice as a sanction. (See doc. no. 8, pp. 3-4.) Likewise, Plaintiff may not now amend his complaint to include disclosure of the cases cited in the Report and Recommendation because it would "circumvent the Court's ability to manage its docket by imposing sanctions for providing false information about prior filing history." Ludy v. Emmons, No. CV 316-033, 2016 WL 4005872, at *1 (S.D. Ga. July 25, 2016) (citing Brown v. Overstreet, CV 107-113, 2008 WL 282689, at *2 n.2 (S.D. Ga. Jan. 30, 2008)); see also Harris v. Warden, 498 F. App'x 962, 964-65 (11th Cir. 2012) (rejecting plaintiff's argument district court abused discretion by dismissing complaint without prejudice as sanction for abuse of judicial process before "allowing him 'to correct' his failure to disclose his prior litigation history"). Therefore, the Court **DENIES** Plaintiff's request to amend. (Doc. no. 12, p. 2.)

Accordingly, the Court **OVERRULES** Plaintiff's objections, **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion, **DISMISSES** this case without prejudice as a sanction for Plaintiff's abuse of the judicial process, and **CLOSES** this civil action.

SO ORDERED this 11th day of January, 2019 at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE

3